MARY A. WALSH, Respondent, *v.* THE BROOKLYN ELEVATED RAILROAD COMPANY and Another, Appellants.

*Damages to real estate from an elevated railroad — error in failing to find that certain easements were of but a nominal value — rule of damages.*

From the evidence introduced upon the trial of an action brought to recover damages to property by reason of the construction and operation of an elevated railroad, the trial court should have found that the plaintiff's easements in a certain street, of light, air and access, were, of themselves, of only nominal value. The court failed to so find, but such failure in no way affected the judgment rendered for the plaintiff, and the court did find, as a matter of fact, that the abutting premises were worth a certain amount less than they would have been had the plaintiff's easements not been taken; a judgment was given for such amount, and no award was made for the easements.

*Held*, that the correct rule of damages was applied, and the judgment should not be disturbed.

APPEAL by the defendants, The Brooklyn Elevated Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 8th day of April, 1893, rendered upon the decision of the court after a trial at the Kings County Special Term.

This action was brought to recover past and fee damages alleged to have been caused to certain real estate belonging to the plaintiff

by reason of the construction and operation of the defendants' elevated railroad.

*Wm. N. Cohen,* for the appellants.

*Stephen M. Hoye* and *Francis Russell Whitney,* for the respondent.

CULLEN, J.:

This is an appeal from a judgment awarding plaintiff an injunction unless the defendants pay $500 for damages to the fee of plaintiff's property.

Under the decisions of the Court of Appeals the trial court should have found that plaintiff's easements in the street, of light, air and access, were in themselves only of nominal value. (*Bookman* v. *N. Y. Elevated R. R. Co.,* 137 N. Y. 302.)

But the failure to so find in no wise affected the judgment. The court found as a matter of fact that the abutting premises were worth $500 less than they would have been had plaintiff's easements not been taken. This was the correct rule of damage. For that $500 judgment was given, and no award was made for the easements in themselves.

There was evidence which justifies the finding, and it should not be disturbed.

The judgment appealed from should be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.